UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------------------X
EULOGIO J. FERRALES,

        Plaintiff,

v.

NEW YORK PRODUCE, INC.;
JORGE VALDIVIA;
and DOES I-X

        Defendants.
-------------------------------------------------------------X

**COMPLAINT**

**DOCKET NO.**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

    Plaintiff Eulogio J. Ferrales ("Plaintiff" or "Ferrales") residing at 66 Village Rd, Clifton, NJ 07013, by his undersigned counsel, alleges the following upon personal knowledge as to his own acts and upon information and belief as to all other matters.

## NATURE OF THE ACTION

1. This is an action under the Fair Labor Standards Act, 29 U.S.C. §201, et seq. (the "FLSA") and the New Jersey Wage and Hour Law, N.J.S.A. §34:11—56a, et seq. (the "NJWHL") against Defendant New York Produce, Inc. ("Defendant" or "NYP"), a New Jersey corporation headquartered at 125 Seaview Drive, Secaucus, New Jersey, 07094 ("Secaucus location"), for Defendant's misclassification of Plaintiff as a part-time employee, or otherwise as an employee exempt from overtime entitlement under the NJWHL and FLSA, and the consequent failure to pay the Plaintiff at time and one-half his hourly rate for hours worked over 40 in a workweek; and a discrimination action under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.* (NJLAD) against NYP for its wrongful termination of Plaintiff on the basis of Plaintiff's age.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. §1331 and the FLSA, 29 U.S.C. §216(b). This Court has jurisdiction over Plaintiff's NJWHL and NJLAD claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this District because NYP resides in this District, and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

4. Plaintiff, a naturalized United States citizen, worked as an office clerk at the defendant's Secaucus location during the limitations period with regards to the FLSA and the NJWHL, and at all relevant times was misclassified, by defendants as exempt from the overtime pay requirements of the FLSA and the NJWHL. At the time the Defendant NYP terminated the Plaintiff's employment in or about September 2016, Plaintiff, born in 1939, was more than forty years old and thereby in a protected class for purposes of the NJLAD.

5. Upon information and belief, Defendant NYP is a New Jersey corporation in the business of procuring produce for supermarkets and other vendors primarily in New York and New Jersey. NYP has been Plaintiff's "employer" at all relevant times within the meaning of the FLSA, NJWHL and the NYLAD.

6. Upon information and belief, Defendant Jorge Valdivia ("Valdivia") is a New Jersey resident and the principal owner of Defendant NYP. Upon information and belief,

Valdivia at all times had full knowledge of the events described herein, and either directly partook in or validated the unlawful and discriminatory conduct alleged herein.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant NYP as an office clerk/bookkeeper from on or about July 1, 1990 to on or about September 22, 2016, when he was terminated (hereinafter the "Employment").

8. Plaintiff's job duties at NYP included, but were not limited to, documenting employee hours and compiling payrolls, and maintaining records of certain financial transactions.

9. At all relevant times, Defendants misclassified Plaintiff as a part-time/exempt employee, and Defendants failed to pay Plaintiff at time and one-half his regular hourly rate for hours worked in excess of forty in a workweek.

10. As an office clerk, Plaintiff was scheduled to, and did, work at least forty hours per week and often times worked in excess of forty hours per week (See Plaintiff's time sheets annexed hereto as Exhibit A).

11. Throughout the Employment, Defendants misclassified Plaintiff as exempt from the overtime requirements of the FLSA and the NJWHL, apparently on the grounds that Plaintiff was a part-time employee.

12. Upon information and belief, Defendants, with full knowledge of the overtime requirements of the aforesaid state and federal labor laws, knowingly and intentionally violated the same.

13. Defendants' unlawful conduct is evidenced by the fact that NYP bifurcated weekly compensation payments for approximately twenty of its employees, including Plaintiff, into separate check and cash payments. (See payroll documents annexed hereto as Exhibit B). Upon information and belief, in an apparent large-scale fraud, Defendants failed to report these cash payments to the relevant tax and regulatory authorities for decades.

14. Upon information and belief, NYP created and used a "phantom" firm named "Company 50" as an intermediary for purposes of concealing the aforesaid cash payments to its employees. Upon information and belief, Company 50 operated out of NYP's warehouse located at 511 Barry Street, Bronx, NY 10474.

15. Throughout the Employment, NYP paid Plaintiff approximately two-thirds of the latter's salary in cash.

16. In or about December 2016, subsequent to his wrongful termination, Plaintiff initiated a claim for unemployment insurance benefits (the "Claim") to the New Jersey Labor Department (Labor Department").

17. In their response to the Claim, Defendants intentionally deceived the Labor Department by falsely misrepresenting Plaintiff's part-time employee status, presumably by providing the Labor Department only with records of the partial payments that NYP made towards the plaintiff's salary by check, and excluding all records of the aforesaid cash payments.

18. In a "Notice of Decision" letter addressed to Plaintiff and NYP from the Labor Department dated January 12, 2017 and attached hereto as Exhibit C, its states that NYP

4

terminated the plaintiff on the grounds that NYP "...need someone to work full time". In actuality, Plaintiff was not only a full-time employee, but, as alluded to above, regularly worked in excess of forty hours per week throughout the Employment.

19. NYP failed to habitually compensate Plaintiff at any rate for the frequent time plaintiff worked in excess of forty hours throughout the Employment.

20. Moreover, upon information and belief, NYP also failed to compensate most if not all of its employees in any amount for hours worked in excess of forty hours in a week. When compiling NYP's payroll, Plaintiff was expressly instructed by Valdivia to pay all NYP employees for forty hours of work per week regardless of the hours actually worked during that timeframe. (See E-mail from Valdivia to Ferrales dated April 10, 2015 annexed hereto as Exhibit D).

21. In the year prior to his termination, on numerous occasions, Fred Rivera a purchasing agent of Wakefern Food Corporation who wielded a lot of influence at NYP, told the Plaintiff that Ferrales was "too old" to perform his current job, and further claimed that it was "illegal" for someone of Plaintiff's age to be working at NYP.

22. Upon information and belief, in or about 2016, Valdivia and Rivera decided to grant all NYP employees with twenty or more years tenure at the company an extra week of vacation time for the calendar year.

23. Although Ferrales had accumulated well over twenty years of employment at NYP by 2016, Valdivia and Rivera arbitrarily and discriminatorily denied the Plaintiff an extra week of vacation time for the 2016 calendar year.

24. Shortly after Valdivia and Rivera made the decision to deny Plaintiff extra vacation time, on or about September 20, 2016, NYP terminated Plaintiff on the basis of his age.

25. Upon information and belief, Defendants Rivera and Valdivia conspired to terminate and did terminate Plaintiff's employment with NYP on the basis of Ferrales' age, and did so using false pretenses.

## COUNT I

### Fair Labor Standards Act, 29 U.S.C. §201, et seq.: Failure to Pay Overtime

26. Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

27. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. §203(e) and (g).

28. At all relevant times, Defendant NYP has been an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203.

29. At all relevant times, Defendant NYP's business has had annual gross revenues in excess of $500,000 (See Financial Statements annexed hereto as Exhibit E).

30. Defendant NYP was required to properly pay Plaintiff all wages due including applicable overtime wages for all hours worked in excess of forty hours in a workweek.

31. Throughout the Employment, Defendants failed to pay Plaintiff all wages due including overtime wages of not less than one and one half times the regular rate of pay for each

hour worked in excess of forty hours in a workweek to which he was entitled under the FSLA, 29 U.S.C. §207.

32. Plaintiff was in no way exempt from the FLSA's overtime requirements.

33. Defendants' violation of the overtime requirements of the FLSA was part of NYP's regular business practice and constituted a pattern, practice, and/or policy.

34. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by being denied overtime wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages in an amount equal to his unpaid wages, prejudgment and post judgment interest, reasonable attorneys' fees, costs, and punitive damages pursuant to 29 U.S.C. §216(b).

35. Defendants' unlawful and fraudulent conduct, as described herein, was willful and intentional and/or was not in good faith. Defendants knew or should have known that the practices complained of herein were unlawful. Defendants knew that Plaintiff routinely worked in excess of forty hours per week and that Plaintiff was not paid for all hours worked.

36. Defendants have not made a good faith effort to comply with the FSLA with respect to Plaintiff's compensation.

37. Because Defendants' violations of the FSLA have been willful, a three-year statute of limitations applies, pursuant to the FLSA, 29 U.S.C. §255(a).

## COUNT II

## NJWHL: Failure to Pay Overtime

38. Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

39. At all relevant times, Plaintiff was employed by NYP within the meaning of the NJWHL.

40. At all relevant times, Defendant NYP was an "employer" within the meaning of the NJWHL.

41. Defendants willfully violated Plaintiff's rights by unlawfully classifying him as an exempt employee and failing to pay him overtime compensation at a rate not less than one and one-half his regular rate of pay for each hour worked in excess of forty hours in a workweek.

42. Plaintiff was in no way exempt from the NJWHL's overtime requirements.

43. As a result of Defendants' violations of the NJWHL, Plaintiff has suffered damages in amounts to be determined at trial, and is entitled to recovery of such amounts, prejudgment and post judgment interest, and reasonable attorneys' fees and costs pursuant to the NJWHL.

## COUNT III

## NJLAD: Age Discrimination

44. Plaintiff incorporates and re-alleges all of the preceding paragraphs as if they were fully set forth herein.

45. Plaintiff was approximately 77 years old at the time of his discharge.

46. Plaintiff is a member of a "protected group" and is a protected "employee" and Defendant is a covered "employer" for purposes of applying the NJLAD.

47. Plaintiff was qualified for his job position as office clerk, having accumulated over twenty-five years of experience at NYP.

48. Plaintiff's job performance met the legitimate expectations of his employer, NYP.

49. Defendants discriminated and committed unlawful employment practices against Plaintiff, including termination, based upon his age.

50. Plaintiff suffered an adverse employment decision.

51. Upon information and belief, Defendants sought candidates to replace and did replace Plaintiff with a younger individual.

52. Defendants' conduct violates the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1.

## DEMAND FOR A JURY TRIAL

Plaintiffs hereby demand a jury trial as to all issues so triable as a matter of right, pursuant to F.R.C.P. 38(b)(1) and 38(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant Plaintiff the following relief:

A. Compensatory, punitive and incidental damages

B. Statutory attorney's fees;

C. Prejudgment and post-judgment interest;

D. Costs of suit;

E. Enjoin Defendants from their continued violation of the FLSA and the NJWHL.

F. Such other relief as the Court deems equitable and just.

SKOBLAR LAW, P.C.

BY: ROBERT A. SKOBLAR, ESQ. (8905)
POWALLACE@MSN.COM
321 UNION STREET
HACKENSACK, NJ 07601
(201) 816-9226
Attorney for Plaintiff

Dated: June 13, 2017